**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**HENRI DALE AKINS**                                                                                     **PLAINTIFF**

**VS.**                                          **CASE NO. 4:11CV00430**

**MICHAEL R. WINN**                                                                                     **DEFENDANT**

**ORDER**

Pending before the Court is Plaintiff's *pro se* Motion to Proceed *In Forma Pauperis* (Docket #1) and Complaint (Docket #2).

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*. *Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir. 1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a). If he does, the complaint is permitted to be filed. *Id*. Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. *Id.*[1]

---

[1] In *Martin-Trigona,* the Eighth Circuit noted that "[s]ome courts have blurred the distinction between § 1915(a) and § 1915[(e)(2)(B)] by approving the practice of denying leave to proceed in forma pauperis on the ground that the complaint is frivolous or malicious." 691 F.2d at 857. The Court stated, however, that [t]he practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed in forma pauperis" and that "[o]nce leave has been granted, the complaint should be filed and the court should consider whether to dismiss pursuant to § 1915 [(e)(2)(B)]." *Id. See also Haugen v. Sutherlin*, 804 F.2d 490, 491 n.2 (8th Cir. 1986)(the court may certify that the plaintiff may proceed in forma pauperis, assuming verification that the plaintiff is a pauper, and may allow plaintiff to file the complaint without paying a filing fee; however, before requiring service of process on the defendant(s), the court should evaluate the complaint to determine if it is frivolous

Because it appears that plaintiff's economic situation qualifies him for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed. (Docket # 1)

The Court now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law." *Neitzke v. Williams,* 490 U.S. 319, 327-29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir.), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S. 1040 (2002).

In his Complaint, Plaintiff names Michael R. Winn, a resident of Arkansas. Plaintiff is also an Arkansas resident. Plaintiff complains that he did not receive "Allegra D" at the VA Hospital in Little Rock. He also claims that he received a speeding ticket once on his way to the VA Hospital in Memphis. Plaintiff seeks $1,000,000 in damages. After reviewing Plaintiff's *pro se* Complaint, the Court finds that the Complaint should be, and hereby is, dismissed *sua sponte.*

Plaintiff's complaint does not state a cause of action over which this Court has jurisdiction. The Court has no diversity jurisdiction as both parties are residents of Arkansas. Further, Plaintiff has not stated a cause of action based on federal law.

Accordingly, the Court GRANTS Plaintiff's Motion to Proceed *In Forma Pauperis* (Docket #1). The Court finds that Plaintiff's claims should be dismissed for lack of jurisdiction.

---

on its face and, if so, it should be dismissed).

Additionally, Plaintiff's claims are frivolous and have no rational basis in law. Plaintiff's complaint is dismissed with prejudice. The Clerk is directed to close the case.

IT IS SO ORDERED THIS 26th day of May, 2011.

*/s/ James M. Moody*
James M. Moody
United States District Court Judge